# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., CDCR #G-30643,<br><br>                    Plaintiff,<br><br>vs.<br><br>METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY; SAN DIEGO SHERIFF DEPARTMENT; CITY OF SAN DIEGO; UNITED STATES OF AMERICA,<br><br>                    Defendants. | Civil No.   09cv0770 L (POR)<br><br>**ORDER:**<br><br>**(1) DENYING AMENDED MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT [Doc. No. 5]**<br><br>**AND**<br><br>**(2) DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center in Norco, California, and proceeding pro se, has initiated this civil action pursuant to 42 U.S.C. § 1983.

**I.     Procedural Background**

On June 4, 2009, the Court granted him leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but sua sponte dismissed his Complaint pursuant to 28 U.S.C.

§ 1915(e)(2) and § 1915A(b) [Doc. No. 3]. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (2000). Specifically, the Court found that because, on the face of his pleading, Plaintiff claimed to have been subjected to excessive force by Metropolitan Transit System agents on June 26, 2004, his claims were barred by the statute of limitations. *See* June 4, 2009 Order [Doc. No. 3] at 4-5, *citing Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper.)). The Court further found that while not entirely clear, it appeared Plaintiff claimed to have been subjected to excessive force and inadequate medical care at the hands of unidentified San Diego County Sheriff's deputies and/or employees of the County of San Diego; however, his Complaint failed to allege he was injured as the result of a municipal policy, custom or practice. (*Id.* at 6-7, *citing Monell v. Department of Social Services*, 436 U.S. at 658, 690-91 (1978)). Because Plaintiff is proceeding without counsel, the Court notified Plaintiff of his pleading deficiencies and granted him an opportunity to amend his Complaint in order to fix them. (*Id.* at 7-8.) *See also Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend.")

Plaintiff has since filed an Amended Complaint [Doc No. 4], as well as an "Amended" Motion to Proceed IFP [Doc. No. 5].

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As the Court noted in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates it to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks

1  damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*,
2  203 F.3d at 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick*, 213 F.3d at 446 n.1
3  (§ 1915A).

4      In his Amended Complaint, Plaintiff names the Metropolitan Transit System, the San
5  Diego Trolley, the County of San Diego and the United States of America as Defendants.
6  (Amend. Compl. at 1-2.)  First, Plaintiff cannot sue the United States under § 1983.  Under the
7  well-established legal doctrine of sovereign immunity, the United States, its departments, and
8  agencies cannot be sued without its express consent. *See U.S. v. Mitchell*, 463 U.S. 206, 212,
9  (1983).

10     Second, as noted in the Court's June 4, 2009 Order, while "municipalities and other local
11 government units ... [are] among those 'persons' to whom § 1983 applies," *Monell*, 436 U.S. at
12 690, Plaintiff must allege an injury resulting from "execution of a government's policy or
13 custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to
14 represent official policy." *Id.* at 694.  There is no respondeat superior liability. *Id.* at 691.  Thus,

> four conditions that must be satisfied in order to establish municipal liability for failing to act to preserve constitutional rights:  (1) that the plaintiff possessed a constitutional right of which he was deprived;  (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and  (4) that the policy is the moving force behind the constitutional violation.

19 *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (citing *Van Ort v. Estate*
20 *of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (internal quotation marks omitted)).  While
21 Plaintiff has been notified of the pleading requirements for stating a claim based on municipal
22 liability, his Amended Complaint, like his original Complaint, fails to allege any of the elements
23 essential for pleading a *Monell* claim, and is subject to dismissal pursuant to 28 U.S.C.
24 § 1915(e)(2) and § 1915A(b).  *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

25     Finally, while the Court previously found Plaintiff's claims untimely and permitted him
26 leave to allege facts that might show he is entitled to either statutory or equitable tolling, *see*
27 June 4, 2009 Order at 4-5, *citing Fink v. Shedler*, 192 F.2d 911, 916 (9th Cir. 1999), his
28 Amended Complaint includes no such allegations. *See Cervantes v. City of San Diego*, 5 F.3d

1273, 1276 (9th Cir. 1993). Accordingly, for this additional reason, the Court finds Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III.   Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Amended Motion to Proceed IFP [Doc. No. 5] is **DENIED** as moot; and

(2)   Plaintiff's First Amended Complaint [Doc. No. 4] is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). However, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

(3)   Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November 20, 2009

*M. James Lorenz*
M. James Lorenz
United States District Court Judge